**\*\*E-filed 07/19/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORANGE COUNTY ELECTRICAL INDUSTRY HEALTH AND WELFARE TRUST FUND, et al.,<br><br>        Plaintiffs,<br>   v.<br><br>SOO KIM ELECTRIC CO.,<br><br>        Defendant. | No. C 09-3724 RS<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

## I.  INTRODUCTION

Plaintiffs move for entry of default judgment. A hearing was duly noticed and held, however defendant failed to appear or otherwise respond to the motion. For the reasons stated below, the motion will be granted and default judgment will be entered against defendant Soo Kim Electric Co.

## II.  BACKGROUND

Orange County Electrical Industry Health and Welfare Trust Fund brought this action in August of 2009, alleging that Soo Kim repeatedly underpaid or failed to pay required contributions to a multi-employment Trust Agreement, in violation of the Employee Retirement Income Security Act and a collective bargaining agreement. Complaint, ¶1, ¶8. 29 U.S.C. § 1132(a), (e), and (g); 29 U.S.C. § 1145. Soo Kim is a signatory to a collective bargaining agreement between the

International Brotherhood of Electrical Workers and the National Electrical Contractors Association. Complaint, ¶6. The collective bargaining agreement requires Soo Kim to submit monthly transmittals and contributions to plaintiffs, who are Trustees of the Trust Fund. *Id*. The Trust Fund provides benefits to defendant's covered employees based upon the hours reported on monthly transmittals. *Id*.

Plaintiffs allege that defendant failed to pay the requisite contributions to the Trust Fund between November 2008 and June 2009. Complaint ¶8. See also 29 U.S.C. § 1132(g). Plaintiffs seek $44,141.70 in damages against Soo Kim, which includes the amount of delinquent contributions between November 2008 and July 2009, liquidated damages to the Trust, pre-judgment interest, and attorney fees and costs. Additionally, plaintiffs seek daily prejudgment interest in the amount $9.56 from April 15, 2010 until entry of judgment.

### III.  STANDARD

Following entry of default, courts are authorized to grant default judgment in their discretion. See Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the factors the court may consider include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). As to damages, when those claimed are not readily ascertainable from the pleadings and the record, the court may (but is not required to) conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2).

### IV.  DISCUSSION

In this case, the *Eitel* factors strongly weigh in favor of granting Orange County Electrical Industry Health and Welfare Trust Fund's motion for default judgment. The allegations in the complaint, taken as true, establish the existence of Soo Kim's obligation to pay and its breach.

2

No. C 09-3724 RS
ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT

There is no uncertainty as to the amount of damages, as they are readily calculable from the invoices and are clearly set out both in the complaint and the declaration submitted in support of this motion. Soo Kim had notice of this action and the precise amount of damages claimed, and it presumably understood that it had an obligation to file a response. Under these circumstances, the policy favoring decisions on the merits must yield to plaintiffs' right to a judicial determination of its claim.[1] Judgment for Orange County Electrical Industry Health and Welfare Trust Fund will be entered in the principal amount of $34,315.97.

Orange County Electrical Industry Health and Welfare Trust Fund ordinarily could seek prejudgment interest at the rate of 10 percent. See 26 U.S.C. § 6621; 29 U.S.C. § 1145. However, plaintiffs ask that an 8 percent interest rate be applied to all principal owed, based on the fact that one of the Trust agreements provides for that rate. The outstanding principal on the account is $28,921.00, and liquidated damages total $5,394.97. Therefore, the outstanding damages to the Trust are $34,315.97. The Declaration in support of this Motion calculates interest on a month to month basis from August of 2008 through July of 2009. See Stephenson Decl., Exh A. The total accrued interest through April 15, 2010 is $2,267.51. Although the Motion asserts a daily accruing interest rate of $9.56, the only figure in the Declaration for daily interest rate is $9.26. *Id*. Accordingly, the $9.56 figure appears to be a typographical error. Therefore, interest continued to accrue on the full principle balance of $34,315.97 at the rate of $9.26 per day. From April 15, 2010 through to the date of this order, 95 days have elapsed, resulting in additional interest of $879.70. Accordingly, the total prejudgment interest amount is $3,147.21.

Additionally, plaintiffs are entitled to attorneys' fees and costs. 29 U.S.C. § 1132(g)(2). Plaintiffs' attorneys spent 22.8 hours on this matter, resulting in $6,995.50 in fees. See Supplemental Gordon Decl., Exh. B. The firm also expended $531.62 in out-of-pocket costs. Plaintiff has adequately demonstrated that the time spent on this matter and the fees claimed are reasonable. Therefore, the total attorneys' fees and costs to be awarded is $7,527.12.

---

[1] At the hearing, the Court questioned whether venue was proper in this district. Plaintiffs submitted a post-hearing declaration adequately establishing that the plaintiff trust funds are administered in the district, making venue proper under 29 U.S.C. 1132(e)(2).

## V.  CONCLUSION

The motion is granted.  Default judgment will be entered in the principal amount of $34,315.97 with prejudgment interest of $3,147.21, and attorney fees and costs of $7,527.12, for a total of $44,990.30.

IT IS SO ORDERED.

Dated: 07/19/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE